No. 97-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 79

DANIEL J. SCHUMACKER and
MARIE B. SCHUMACKER,

Plaintiffs and Appellants,

v.

MERIDIAN OIL CO., SLAWSON OIL CO.,
COWRY ENTERPRISES, INC., PARAFFIN
SERVICES, INC., and KEN OLSEN,

Defendants and Respondents.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Robert L. Johnson, Attorney at Law, Lewistown, Montana
Richard W. Heineman, Attorney at Law, Wibaux, Montana

For Respondents:

John G. Crist; Crist Law Firm, Billings, Montana (for
Meridian Oil)

John D. Alexander; Ugrin, Alexander, Zadick & Higgins,
Great Falls, Montana (for Slawson Exploration)

Jacque W. Best; Habedank, Cumming, Best & Savage,
Sidney, Montana (for Cowry Enterprises, Inc.)

Calvin J. Stacey, Kevin M. Funyak; Stacey & Walen Law Firm,
Billings, Montana (for Paraffin Services and Ken Olsen)

Submitted on Briefs: November 20, 1997
Decided: April 14, 1998
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Daniel J. Schumacker and Marie B. Schumacker (the Schumackers) appeal from the judgment entered by the Seventh Judicial District Court, Richland County, on its order granting the summary judgment motions of Meridian Oil Co., Slawson Oil Co., Cowry Enterprises, Inc., Paraffin Services, Inc., and Ken Olsen (collectively, the Defendants).  We affirm.

¶2    The Schumackers raise the following issues on appeal:

¶3    1.  Did the District Court err in granting summary judgment to the Defendants on the basis that the Schumackers failed to present any evidence on an essential element of civil conspiracy?

¶4    2.  Did the District Court err in granting summary judgment to Paraffin Services, Inc. and Ken Olsen on the basis of the exclusivity provision contained in the Workers' Compensation Act?

BACKGROUND

¶5    Daniel Schumacker (Daniel) worked as a mechanic for Paraffin Services, Inc. (Paraffin) during the summer of 1994.  Paraffin is a licensed trucking company primarily engaged in transporting fluids from oil wells to various disposal points.  Production water, one of the fluids transported by Paraffin, is water from wells that may be contaminated by hydrocarbons or hydrogen sulfate gases; when the water is contaminated, it is highly flammable.  If contaminated production water has been transported in a tank, the tank must be steamed or flushed with carbon monoxide to remove any flammable contaminants before any welding can be done.  If the tank is not specially cleaned, welding on the tank can cause an explosion.

¶6    In June of 1994, the United States Department of Transportation Federal Highway Administration ordered Paraffin to ensure that all hazardous material be accompanied by a proper shipping paper and transported only in cargo tanks authorized for the transport of hazardous material.  Paraffin also was required to determine the flash points of any hazardous materials it hauled and to properly mark and placard the tanks carrying hazardous material.

¶7    On July 24, 1994, Paraffin's tank-trailer number 103 (Unit #103) was used to transport fluids from wells owned by Cowry Enterprises, Inc. (Cowry), Meridian Oil Co. (Meridian), and Slawson Oil Co. (Slawson).  The next day, Daniel checked the driver's log, which indicated that Unit #103 required welding.  Before beginning the repair, Daniel asked Ken Olsen (Olsen), his

immediate supervisor and the president of Paraffin, what had been transported in Unit #103 on the previous day. Olsen responded that only water had been transported. Daniel began to weld and an explosion occurred. He was seriously injured and received workers' compensation benefits for the injuries he sustained in the explosion.

¶8   On July 24, 1995, Daniel filed a complaint against the Defendants alleging that the Defendants conspired to illegally transport hazardous material and that Paraffin and Olsen had wrongfully discharged him. Several of the Defendants moved to dismiss and one moved, in the alternative, for a more definite statement. The District Court denied the motions to dismiss, but ordered Daniel to submit a more definite statement. In response, Daniel filed his "More Definite Statement as to the Allegations of Conspiracy" in October of 1996.

¶9   The District Court subsequently entered a scheduling order requiring Daniel to file any amendments to his pleadings by December 1, 1996. The order expressly provided that later amendments could be made only with the court's permission.

¶10  The Schumackers filed an amended complaint adding Daniel's wife, Marie Schumacker, as a plaintiff and a loss of consortium claim against all the Defendants. The wrongful discharge claim was deleted. Slawson answered the amended complaint and the remaining defendants again moved for a more definite statement. The Schumackers responded that the Defendants were well aware of their legal theory and the District Court did not rule on the motion for a more definite statement.

¶11  The Defendants subsequently moved for summary judgment on the basis that the Schumackers had presented no evidence on the meeting of the minds element of civil conspiracy. They relied on portions of Daniel's deposition, which had been filed with the court, and on Daniel's responses to interrogatories. In the alternative, Paraffin and Olsen also sought summary judgment premised on the exclusivity provision of the Workers' Compensation Act (WCA) and Olsen submitted an affidavit in support of that portion of his and Paraffin's motion. The Schumackers filed briefs in opposition to the motions for summary judgment and a supporting affidavit from Daniel.

¶12  The Schumackers also filed--and then formally withdrew--a conditional motion to further amend their complaint. They subsequently filed a "more definite statement" of their claim which, for the first time, mentioned negligence with regard to the Defendants and which specifically asserted the applicability of the doctrine of res ipsa loquitur. The Schumackers requested the District Court to deem their amended complaint amended again in accordance with their "more definite statement."

¶13  The District Court granted the Defendants' motions for summary judgment and, in a separate order, denied the Schumackers' request to deem their complaint amended. Judgment was entered accordingly and the Schumackers appeal from the District Court's grant of summary judgment to

the Defendants.

## STANDARD OF REVIEW

¶14   "Summary judgment is proper when no genuine issues of material fact exist and  the moving party is entitled to judgment as a matter of law."  Ash Grove Cement Co. v. Jefferson County (1997), 283 Mont. 486, 491, 943 P.2d 85, 88; Rule 56(c), M.R.Civ.P.   We review an order granting summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria applied by the district court.  Ash Grove Cement Co., 943 P.2d at 88 (citation omitted).

¶15   "[I]f the moving party establishes that one element of a cause of action lacks any genuine issue of material fact and the non-moving party does not come forward with proof that a genuine issue does exist, summary judgment is proper."  Wiley v. City of Glendive (1995), 272 Mont. 213, 216, 900 P.2d 310, 312 (citation omitted).  The party opposing summary judgment cannot rely on mere allegations in the pleadings, but must present its evidence raising genuine issues of material fact in the form of affidavits or other sworn testimony.  Klock v. Town of Cascade (Mont. 1997), 943 P.2d 1262, 1266, 54 St.Rep. 829, 831(citation omitted).  While we must resolve any inferences drawn from the factual record in favor of the party opposing summary judgment (Hatch v. State Dept. of Highways (1994), 269 Mont. 188, 193, 887 P.2d 729, 732 (citation omitted)), "mere denial, speculation, or conclusory statements" are insufficient to raise a genuine issue of material fact.  Klock, 943 P.2d at 1266 (citation omitted).

## DISCUSSION

¶16    1.  Did the District Court err in granting the Defendants' motions for summary judgment on the basis that the Schumackers failed to present any evidence on an essential element of civil conspiracy?

¶17   In granting the Defendants summary judgment on the Schumackers' civil conspiracy claim,  the District Court concluded that the Schumackers had failed to produce any evidence on the meeting of the minds element of civil conspiracy and, therefore, no genuine issue of material fact existed on that necessary element of the conspiracy claim.  The Schumackers argue that direct evidence on the meeting of the minds element of conspiracy is not necessary and that their circumstantial evidence on that element is sufficient to raise a genuine issue of material fact.

¶18   The elements of a civil conspiracy are "(1) [t]wo or more persons, and for this purpose, a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." Simmons Oil Corp. v. Holly Corp. (1993), 258 Mont. 79, 91, 852 P.2d 523, 530 (citation omitted).  Moreover, it is not the conspiracy itself that gives rise to the cause of action; it is the torts committed or the wrong done in furtherance of a civil conspiracy that do so.  Duffy v. Butte Teachers' Union Number 332, AFL-CIO (1975), 168 Mont. 246, 251, 541 P.2d 1199, 1202(citation omitted).

¶19    The gist of the Schumackers' conspiracy claim is that the Defendants conspired to maximize profits and undercut legitimate transportation by knowingly causing hazardous substances to be transported in unsuitable containers.  Acknowledging that a meeting of the minds is an essential element requiring proof, the Schumackers contend that there is direct evidence of a meeting of the minds for "every act of transport."  The meeting of the minds element, however, requires a meeting of the minds on the unlawful object or course of action (see Simmons Oil, 852 P.2d at 530) which, in this case, is the unlawful transportation of hazardous substances in unsuitable containers.  In this regard, the Schumackers concede that they presented no direct evidence of a meeting of the minds regarding the unlawful method of transportation, but argue that strong circumstantial evidence supports an inference sufficient to withstand summary judgment that there was a meeting of the minds as to the method of transportation.

¶20   Circumstantial evidence is evidence which tends to establish one fact by proving another and which, while  not conclusively establishing the first fact, affords an inference of its existence.  Section 26-1-102(1), MCA.  We have not previously addressed whether circumstantial evidence may be used to establish the meeting of the minds element of civil conspiracy.  We repeatedly have held, however, that circumstantial evidence may be used to prove the agreement element of a criminal conspiracy.  See, e.g., State v. Stever (1987), 225 Mont. 336, 342, 732 P.2d 853, 857 (citations omitted); State v. Fitzpatrick (1977), 174 Mont. 174, 184, 569 P.2d 383, 391 (citations omitted); State v. Alton (1961), 139 Mont. 479, 503-04, 365 P.2d 527, 539 (citations omitted).

¶21   Moreover, other states have allowed the use of circumstantial evidence to establish the meeting of the minds element of a civil conspiracy due to the difficulty in obtaining direct evidence on that element.  See, e.g., Four R Cattle Co. v. Mullins (Neb. 1997), 570 N.W.2d 813, 818 (citation omitted); Adam v. MT. Pleasant Bank & Trust Co. (Iowa 1986), 387 N.W.2d 771, 773 (citation omitted); Beverly v. McCullick (Kan. 1973), 505 P.2d 624, 633 (citation omitted); Shows v. Silver Shield Mining and Milling Company (Colo. 1962), 375 P.2d 522, 524.  Because direct evidence of the meeting of the minds is typically in the possession and control of the alleged conspirators and, therefore, difficult--if not impossible--to obtain, we hold that circumstantial evidence may be used to establish the meeting of the minds element of a civil conspiracy.

¶22   The Schumackers argue that they raised a genuine issue of material fact on the meeting of the minds element of civil conspiracy by circumstantial evidence.  Specifically, they contend that the following evidence supports an inference that there was a meeting of the minds among the Defendants to transport production fluid illegally:  Paraffin transported production water in Unit #103 from wells operated by Cowry, Meridian, and Slawson on the day before the explosion; Unit #103 was unmarked and unsuitable for transporting production fluid and, therefore, transporting production fluid in Unit #103 was illegal; and,  in addition, signs at wells operated by Cowry and Meridian warn of the presence of flammable substances.

¶23 This evidence does not support an inference that there was a meeting of the minds to transport production fluid illegally. The evidence may be sufficient to indicate that Paraffin unlawfully transported a hazardous substance in an unsuitable container, but that is not the claim set forth against the Defendants in the Schumackers' complaint. The fact that Paraffin transported fluids from wells owned and operated by Cowry, Meridian, and Slawson establishes only that they were customers of Paraffin; it is insufficient to create an inference that they knew of, agreed to, or promoted any illegal transportation of hazardous material by Paraffin. We conclude that the Schumackers' circumstantial evidence is insufficient to raise a genuine issue of material fact on the essential meeting of the minds element of their civil conspiracy claim.

¶24 Perhaps anticipating our adverse decision on their conspiracy claim, the Schumackers contend that, even if their civil conspiracy claim fails, they should be permitted to proceed to trial on the issue of negligence. The Defendants respond that the Schumackers did not plead negligence claims in their initial or amended complaint and should not be permitted to add such a claim now. We agree.

¶25 Although the Schumackers argue that they pleaded a negligence claim from the outset, their initial complaint alleges only civil conspiracy and wrongful discharge. The amended complaint alleges only civil conspiracy and loss of consortium. The record does not reflect any effort by the Schumackers to state a negligence-based claim until after the Defendants had moved for summary judgment and the time for amendments of right had long since passed.

¶26 We previously have held that "[l]itigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases." Peuse v. Malkuch (1996), 275 Mont. 221, 228, 911 P.2d 1153, 1157. No extraordinary circumstances exist in this case that would justify permitting the Schumackers to change their legal theory after the motions for summary judgment had been filed. Moreover, the Schumackers filed and then withdrew a motion to further amend their complaint and did not raise as an issue on appeal the District Court's denial of their tardy and indirect effort to "amend" via their "more definite statement." Therefore, we decline to further address the Schumackers' contentions regarding negligence.

¶27 We hold that the District Court did not err in granting summary judgment in favor of the Defendants on the basis that the Schumackers failed to present any evidence on an essential element of civil conspiracy.

¶28 2. Did the District Court err in granting summary judgment to Paraffin and Olsen on the basis of the exclusivity provision contained in the WCA?

¶29 In addition to granting Paraffin and Olsen's motion for summary judgment on the civil conspiracy claim, as discussed above, the District Court

also granted their motion for summary judgment on the basis of the exclusivity provision in the WCA.  The Schumackers contend that the District Court erred in determining facts, rather than merely determining whether genuine issues of material fact existed in this regard.

¶30  Our conclusion above, that the District Court did not err in granting summary judgment to the Defendants on the civil conspiracy claim, is dispositive as to all Defendants.  As a result, we need not address the District Court's alternative basis for granting summary judgment to Paraffin and Olsen.

¶31  Affirmed.


                         /S/  KARLA M. GRAY


We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART