No. 98-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 206

BELL & MARRA, pllc,

Plaintiff, Respondent, and

Cross-Appellant,

v.

GORDON SULLIVAN and SISTERS OF

CHARITY OF PROVIDENCE OF MONTANA,

d/b/a Columbus Hospital,

Defendant, Appellant, and

Cross-Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeff R. Lynch, Lynch Law Firm, P.C., Great Falls, Montana

For Respondent:

Kirk Evanson, Marra, Wenz & Johnson, P.C., Great Falls, Montana

Submitted on Briefs: January 6, 2000

Decided: August 1, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Gordon Sullivan appeals from the Findings of Fact, Conclusions of Law and Order of Summary Judgment in favor of Bell & Marra, pllc, entered by the Eighth Judicial District Court, Cascade County. Bell & Marra cross-appeals from the District Court's determination of the amount of attorney fees contained in the Findings of Fact, Conclusions of Law and Order of Summary Judgment. We reverse and remand.

¶2 The dispositive issue raised by Sullivan on appeal is as follows:

¶3 1. Whether the District Court erred in granting summary judgment in favor of Bell & Marra?

¶4 One issue is raised by Bell & Marra in its cross-appeal:

¶5 1. Whether the District Court erred in determining the value of Bell & Marra's services?

¶6 In addition, Bell & Marra has made a request for attorney fees and costs incurred during this appeal pursuant to § 30-9-511, MCA.

## BACKGROUND

¶7 Gordon Sullivan initially retained Joe Bottomly to represent him with regard to claims relating to the termination of his employment with Sisters of Charity of Providence of Montana, d/b/a Columbus Hospital (Columbus Hospital). In September 1990 Sullivan retained Bell & Marra, pllc, to represent him regarding these claims.

¶8 On April 12, 1993, Sullivan entered into a written fee agreement with Bell & Marra regarding the claims arising from the termination of his employment with Columbus

Hospital. This agreement provided as follows:

> In consideration of the legal services to be rendered by BELL & MARRA, Attorneys at Law, and the advancement by them of costs necessary to the prosecution of all claims against the parties or insurers responsible for damages resulting from the termination of his employment with Columbus Hospital, the undersigned [Sullivan] employs said attorneys to prosecute such claims, and assigns to them a lien on all amounts recovered as follows:
>
> 40% of such amounts recovered.
>
> . . . .
>
> No settlement shall be binding without the consent of the undersigned [Sullivan]. If no recovery is obtained, no fee shall be payable to the attorneys; except attorneys are entitled to reimbursement for advanced costs. The attorneys may withdraw at any time upon giving reasonable notice. Client assumes responsibility of payment of any court costs awarded to adverse party or parties.

¶9 Prior to entering into this written agreement, Bell & Marra had been representing Sullivan in the litigation against Columbus Hospital pursuant to a verbal agreement. In addition, Bell & Marra had also been representing Sullivan in a dissolution proceeding pursuant to a verbal agreement. The parties agreed to defer payment associated with the dissolution proceeding until Sullivan recovered funds in the employment-related claims. Sullivan's suit against Columbus Hospital involved two claims, one for wrongful discharge and one for discrimination. The District Court bifurcated these claims and the wrongful discharge claim was litigated first.

¶10 A jury trial regarding the wrongful discharge claim was held on March 23-26, 1992. The jury determined that Columbus Hospital wrongfully discharged Sullivan and awarded him $70,000 in compensatory damages. Sullivan moved for a new trial based on insufficient damages. The District Court granted the motion and ordered a new trial on damages because it concluded that the jury misunderstood the court's instructions. Columbus Hospital appealed the District Court's decision.

¶11 While the matter was pending on appeal, Sullivan received an anonymous file containing documents relating to the hospital's plan to eliminate his position, which had

previously been requested during discovery and not produced. Upon Sullivan's motion, this Court dismissed the appeal without prejudice and remanded the matter to the District Court to determine whether discovery should be reopened and whether sanctions were appropriate.

¶12 On remand, the District Court conducted hearings and found that Columbus Hospital had willfully withheld documents relating to damages. However, Sullivan and the court agreed that reopening discovery would be useless. The District Court, with a different judge presiding, ordered a new trial on damages and imposed sanctions against Columbus Hospital in the amount of $5500. Bell & Marra applied the entire sanction award to the outstanding costs that had been incurred.

¶13 Columbus Hospital appealed the District Court's order for a new trial on damages, which was affirmed. We concluded that ordering a new trial on damages based on a finding by two separate district court judges, that the newly discovered information not previously disclosed during discovery would have affected the damage award, was not an abuse of discretion. In addition, we determined there was substantial evidence to support the jury's verdict on the issue of liability.

¶14 While this matter was pending on appeal, the parties engaged in settlement negotiations. Columbus Hospital offered Sullivan $110,000 in exchange for release of all existing and potential claims against the hospital. Sullivan rejected the hospital's offer and authorized Bell & Marra to submit a counteroffer expressing his willingness to accept $350,000 to settle his wrongful discharge claim.

¶15 On remand, a third district court judge assumed jurisdiction of the case and a two-day bench trial regarding Sullivan's discrimination claim was held in January 1996. On October 27, 1997, the District Court issued its Findings of Fact, Conclusions of Law and Order dismissing Sullivan's claims for discrimination with prejudice. In reaching its decision, the District Court concluded that Sullivan had failed to present sufficient evidence that his employment was reduced or terminated due to discrimination based on either marital status or disability.

¶16 After discussing the court's decision with Sullivan, Bell & Marra sent him a letter dated November 4, 1997, memorializing their conversation and discussing their retainer agreement. Bell & Marra stated that the complicated aspects of Sullivan's case and the time involved, which could have been devoted to other cases, demanded that Bell & Marra

be compensated at a higher level than their previous agreement. Bell & Marra went on to state:

> *We cannot continue to handle the case within the confines of our previous retainer agreement.* We do not believe that any other attorney would continue to handle a case similar to this for less than 50%. Typically, we do not appeal contingency fee cases without a separate retainer for purposes of appeal. We do not believe that this case should be an exception, particularly in light of the financial burden which it has placed upon us in the time which could have been spent on other hourly cases and outstanding costs, which currently are at several thousand.
>
> . . . .
>
> I am enclosing a copy of the Retainer Agreement dated April 12, 1993 for your reference. *Pursuant to that agreement, we are hereby notifying you that we are cancelling that agreement.* I have enclosed a new Attorney-Client Agreement for your signature if you wish us to proceed in your case. Please review it, sign it and send it back to us. *We will not do further work on your case without a new agreement. If you choose not to sign a new retainer agreement we will withdraw from the case.*
>
> As I told you yesterday over the phone, we simply cannot afford to continue to represent you at 40% of the recovery, nor can we afford to continue to advance all costs. We were advancing costs initially because no one could anticipate the length of the litigation, or the multiple appeals. Further you were unemployed. You are now employed and able to underwrite some of the continuing costs of this case, if you so choose.

(Emphasis added.)

¶17 The new fee agreement required Sullivan to deposit the sum of $2000 by November 27, 1997, to cover the cost of the transcript associated with the appeal. With regard to legal fees, the agreement provided that Sullivan pay Bell & Marra a percentage of all settlement proceeds, judgment damages, and other consideration recovered from Columbus Hospital, to be calculated as follows: 50% for appeal from the order of October 27, 1997, and subsequent trial for discrimination or wrongful discharge and an additional 5% for each additional appeal thereafter.

¶18 In a letter dated November 23, 1997, Sullivan stated that he was accepting Bell & Marra's November 4, 1997, letter as a notice of withdrawal. Sullivan also stated:

> I believe we had an agreement enforceable through out [sic] the suit and I find it impossible, to now, at this important juncture in this case to be forced to negotiate a different agreement than the one we already [sic] in effect.
>
> The proposed terms included in your new agreement are not possible for me to consider and so I have taken the only course available to me, and that is to employ the services of a different attorney.¶19 Sullivan hired Dean Chisholm to pursue appealing the dismissal of his discrimination claim and the remaining damage portion of his wrongful discharge claim. Chisholm promptly filed a notice of appeal with regard to the dismissal of the discrimination claim and began preparing for mediation pursuant to Rule 54 of the Montana Rules of Appellate Procedure.

¶19 Sullivan hired Dean Chisholm to pursue appealing the dismissal of his discrimination claim and the remaining damage portion of his wrongful discharge claim. Chisholm promptly filed a notice of appeal with regard to the dismissal of the discrimination claim and began preparing for mediation pursuant to Rule 54 of the Montana Rules of Appellate Procedure.

¶20 On January 15, 1998, Bell & Marra filed a Notice of Attorney's Lien in the employment-related litigation pending before the District Court. This document simply provided notice to the parties of an attorney's lien pursuant to § 37-61-420, MCA, based upon the written agreement between Sullivan and Bell & Marra for compensation including attorney fees and advanced costs provided by Bell & Marra to Sullivan.

¶21 On January 29, 1998, a full and final settlement of all Sullivan's claims against Columbus Hospital was reached during appellate mediation. In exchange for the release of all existing and potential claims against Columbus Hospital, Columbus Hospital agreed to pay Sullivan the sum of $155,000.

¶22 On March 18, 1998, Bell & Marra filed a Complaint against Sullivan and Columbus Hospital, containing three claims. The first claim was a lien foreclosure action for attorney fees related to the employment claims involving the hospital. With regard to this claim, Bell & Marra alleged that Sullivan owed advanced costs in the amount of $5012.04 plus 40 percent of the amount recovered ($59,995.18) or the *quantum meruit* value of the legal

services performed ($108,000.00), computed on an hourly basis. Bell & Marra's second claim was a contract action related to the fees incurred during representation of Sullivan in his dissolution proceedings. The third claim was against Columbus Hospital, requesting the settlement proceeds to be held or paid to Bell & Marra according to its lien against Sullivan.

¶23 Sullivan filed an answer to the complaint on May 13, 1998, and asserted affirmative defenses and counterclaims. The affirmative defenses asserted by Sullivan included, *inter alia*, fraud, unavailability of *quantum meruit* damages due to Bell & Marra's repudiation of the fee agreement, and breach of fiduciary duty. Sullivan's counterclaims included a claim for breach of contract, conversion, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.

¶24 The parties subsequently filed numerous pretrial motions, including cross-motions for summary judgment. On September 23, 1998, the District Court issued Findings of Fact, Conclusions of Law and Order of Summary Judgment granting judgment in favor of Bell & Marra on all claims and denying Sullivan's motions and counterclaims. The District Court awarded Bell & Marra attorney fees in the amount of $33,666.67 (contract rate of 40% x $155,000 = $62,000 - fee arrangement with Chisholm of 33% x $85,000 = $28,333.33) for the employment related litigation; $9947.47 for fees and costs incurred during the dissolution action; and $5012.04 for outstanding costs in the employment litigation; prejudgment interest on the damage awards; and Bell & Marra's attorney fees and costs incurred in pursuing this foreclosure action in the amount of $20,534.01. Sullivan appeals from the District Court's award of attorney fees to Bell & Marra associated with the employment-related litigation and the award of Bell & Marra's fees and costs incurred in pursuing this action. In addition, Sullivan requests that we award summary judgment in his favor on these issues.

## STANDARD OF REVIEW

¶25 Our standard of review in appeals from summary judgment rulings is *de novo. See Motaire v. Northern Mont. Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156 (citation omitted). When we review a district court's grant of summary judgment, we apply the same evaluation, based on Rule 56, M.R.Civ.P., as the district court. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).*

## DISCUSSION

¶26 Whether the District Court erred in granting summary judgment in favor of Bell & Marra?

¶27 In awarding summary judgment in favor of Bell & Marra, the District Court concluded that there was no repudiation of the fee agreement and that the parties simply terminated the attorney-client relationship. The court also determined that the termination of the relationship, regardless of how it took place, was irrelevant for purposes of its award of summary judgment. As a result, the District Court determined that Bell & Marra was entitled to recover the reasonable value of the services provided to Sullivan up to the time of the termination of the contract.

¶28 Sullivan alleges that the heart of his argument can be found in the District Court's Conclusion of Law No. 4, which states that whether Bell & Marra withdrew or was discharged from its representation of Sullivan is irrelevant. Sullivan argues that the resolution of this issue is not only relevant, but dispositive of this litigation for two reasons. First, the majority rule in American jurisdictions and the rules of professional conduct establish that an attorney may not collect a fee for services arising from a contingency arrangement if the attorney withdraws from representation without good cause. Second, well-established contract law provides that a party who announces its intention to breach a nonseverable contract may not recover for any performance rendered prior to the breach.

¶29 Sullivan also contends that the District Court erred in awarding Bell & Marra attorney fees in prosecuting this action. In support of this argument, Sullivan alleges that Bell & Marra's lien was insufficient on its face and Bell & Marra did not prevail on its lien claim since the District Court awarded substantially less than Bell & Marra had requested.

¶30 Bell & Marra contends that the District Court was correct in its analysis of the law when it awarded Bell & Marra its attorney fees for work performed on behalf of Sullivan. Bell & Marra asserts that the District Court correctly refused to adopt Sullivan's legal theory, which ignores the historical determination that attorney's liens are charging liens in Montana. Bell & Marra goes on to argue that if there was error below, it was in the District Court's division of attorney fees between Bell & Marra and Sullivan's subsequent counsel, Dean Chisholm. In addition, Bell & Marra claims that it is entitled to attorney fees and costs on appeal for the foreclosure of its attorney's lien and on the ground that this appeal is frivolous.

¶31 With regard to a client's discharge of an attorney, we have previously expressed our agreement with the jurisdictions that hold regardless of whether an attorney was discharged with or without cause that attorney is entitled to a *quantum meruit* recovery for the reasonable value of the services rendered to the time of discharge. *See Campbell v. Bozeman Investors of Duluth*, 1998 MT 204, ¶ 30, 290 Mont. 374, ¶ 30, 964 P.2d 41, ¶ 30. In *Campbell*, we also recognized an exception to this general rule where an attorney is discharged "on the courthouse steps," entitling the attorney to the entire contract fee as the reasonable value of the attorney's services. *Campbell*, ¶ 30. However, we have not previously ruled on the issue of whether an attorney who voluntarily withdraws from a contingent fee case before the occurrence of the contingency is entitled to a fee. This is a case of first impression in Montana.

¶32 As Sullivan points out, the modern majority rule when an attorney withdraws from a case is that an attorney who voluntarily withdraws from a contingency fee case without good cause forfeits recovery of compensation for services performed. *See e.g., Estate of Falco v. Decker* (Cal. Ct. App. 1987), 233 Cal. Rptr. 807, 812-13. However, if the withdrawal was for good cause or was justified, then the attorney may recover based on *quantum meruit. See Ausler v. Ramsey* (Wash. Ct. App. 1994), 868 P.2d 877, 880.

¶33 We expressly adopt this rule. In doing so, we find the rationale contained in *Ausler* to be persuasive. Contingent fee arrangements serve many valuable functions for clients as well as attorneys. First, they enable persons who could not otherwise afford an attorney to assert their rights, being required to pay only if successful. Second, in the typical contingent fee arrangement, attorneys insure their clients and themselves against the cost of losing by covering those losses with higher than normal fees in winning cases. This provides attorneys with an incentive to seek the best result for their clients and to encourage only those clients having a substantial likelihood of succeeding. Third,

contingent fee arrangements are designed to reflect the risk of failure in a given case as well as the overall risks in the attorney's general practice. Thus, some attorneys require a higher percentage of the recovery to be paid if the case proceeds to trial or appeal. *See Ausler*, 868 P.2d at 881; *see also* Restatement (Third) of Law Governing Lawyers § 47 cmt. b (Proposed Final Draft No. 1, 1996).

¶34 Clients must often accept the drawbacks of a contingent fee arrangement if they want to retain an attorney and cannot afford to pay on an hourly basis. Attorneys must do the same if they expect to receive the higher than normal fee generally gained as the result of a successful contingency fee case. Therefore, an attorney should not be allowed to withdraw from a "bad case" on the grounds that the client wishes to proceed to trial or pursue an appeal, eliminating his or her exposure to risk, and still be entitled to recover fees for that case. *See Ausler*, 868 P.2d at 881. An attorney must demonstrate that his or her withdrawal from the case was for good cause before the attorney is allowed to recover fees on a *quantum meruit* basis.[(1)]

¶35 Whether good cause for withdrawal exists depends on the facts and circumstances of each case. *See Augustson v. Linea Aerea Nacional-Chile S.A.* (5th Cir. 1996), 76 F.3d 658, 663. As the Fifth Circuit Court of Appeals pointed out:

> Generally, just cause exists when the client has engaged in culpable conduct. Thus, for example, courts have found just cause where the client attempts to assert a fraudulent claim; fails to cooperate; refuses to pay for services; degrades or humiliates the attorney; or retains other counsel with whom the original attorney cannot work.

*Augustson, 76 F.3d at 663. Just cause has also been found where continued representation would violate ethical obligations of the attorney or where the attorney lacked the resources to pursue litigation. See Augustson, 76 F.3d at 663. However, the cases are in almost universal agreement that a client's refusal to accept a settlement offer does not constitute just cause for an attorney to withdraw and later collect fees. See Augustson, 76 F.3d at 663. In addition, it has been held unjustifiable for an attorney to withdraw from a case where the attorney does not believe that the negotiated contract is sufficiently compensatory. See Ausler, 868 P.2d at 880 n.4.*

¶36 Bell & Marra asserts that its continued representation of Sullivan had become a financial burden, which is good cause for withdrawal under Rule 1.16(5) of the Montana Rules of Professional Conduct. However, courts have held that cause to withdraw under the rules of professional conduct is not necessarily good cause for withdrawal entitling the

attorney to compensation. *See Augustson*, 76 F.3d at 664-65. The rationale behind such rulings is as follows:

> The objectives of a hearing on cause to withdraw differ from the objectives of a hearing on attorney's fees, and because of these differences circumstances can arise that would authorize a trial court to permit counsel to withdraw but retain no fee. When considering a motion to withdraw, a trial court is given broad discretion in order to protect the best interests of the client. In such a setting, the court generally focuses on the presence of circumstances harmful to the attorney-client relationship, and inquiry into the cause of these circumstances is irrelevant. At a lien hearing, however, the focus of attention is on the cause of attorney-client problems.
>
> A court at a withdrawal hearing must also be concerned about the quality of representation a client will receive from an attorney who has a fundamental disagreement with a client's objective, or who believes that the client's objective poses an unreasonable financial burden. But the objective is for the client to choose. If the objective is neither illegal nor frivolous, then an attorney who is retained under a contingent fee contract and who withdraws because he disapproves of his client's objective may not receive compensation through the court. Any other rule would impinge on the client's right to choose the objectives of his representation.

*Augustson*, 76 F.3d at 664 *(citations omitted)*.

¶37 Due to the difficulty of discerning whether an attorney was motivated by ethical versus financial considerations, the California Court of Appeal stated:

> [T]he attorney has the burden of proof to show: (1) counsel's withdrawal was mandatory, not merely permissive, under statute or state bar rules; (2) the overwhelming and primary motivation for counsel's withdrawal was the obligation to adhere to these ethical imperatives under statute or state bar rules; (3) counsel commenced the action in good faith; (4) subsequent to counsel's withdrawal, the client obtained recovery; and (5) counsel has demonstrated that his work contributed in some measurable degree towards the client's ultimate recovery.

*Estate of Falco*, 233 Cal. Rptr. at 814.

¶38 In this case, the District Court concluded that whether Bell & Marra withdrew or was

fired was irrelevant and that the parties simply terminated the attorney-client relationship. Based on our review of the record, it is clear that Bell & Marra presented Sullivan with an ultimatum in its November 4, 1997, letter, which stated that Bell & Marra was canceling the previous fee agreement and would withdraw unless Sullivan signed the new fee agreement. Faced with being forced to enter into a new fee agreement that was unacceptable to him when the time period for pursuing his appeal was running, Sullivan chose to accept Bell & Marra's withdrawal and retained another attorney to represent him. Thus, we conclude that Sullivan's decision to reject Bell & Marra's ultimatum by not signing the new fee agreement and obtaining another attorney resulted in Bell & Marra's voluntary withdrawal from its representation of Sullivan.

¶39 Accordingly, the fundamental issue is whether Bell & Marra had good cause to withdraw sufficient to justify an award of fees. In our view, the crucial element is the existence of a justifiable reason for withdrawal, not the quantity of time expended. In light of our adoption of the modern majority rule with regard to the collection of fees by attorneys who voluntarily withdraw from a case and the financial reasons given for withdrawal by Bell & Marra in its November 4, 1997 letter, we conclude that Bell & Marra did not have good cause to withdraw justifying compensation. Thus, we reverse the District Court's award of summary judgment in favor of Bell & Marra and remand this matter to the District Court for entry of an order awarding summary judgment in favor of Sullivan, consistent with this opinion.

## CROSS-APPEAL

¶40 Whether the District Court erred in determining the value of Bell & Marra's services?

¶41 Based on our conclusion that no fee award should have been granted to Bell & Marra, we decline to address the validity of the District Court's computation. In addition, Sullivan's appeal not being frivolous, Bell & Marra's request for an award of attorney fees and costs for a frivolous appeal is denied.

¶42 Moreover, since Bell & Marra's attorney fee lien was invalid, we reverse the District Court's award of attorney fees incurred by Bell & Marra in pursuing this action and we decline to address the applicability of § 30-9-511, MCA, to this situation.

¶43 Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

1. As the court in *Ausler* noted, we also question whether an attorney's normal hourly rate should always be the basis of *quantum meruit* recovery. We also see no nexus between the attorney's normal hourly rate, a rate usually obtained for completed legal work, and the fee he or she deserves in an uncompleted contingency fee case. *See Ausler*, 868 P.2d at 881 n.6.