JUSTICE RICE
concurring in part and dissenting in part.
¶23 I concur with the Court’s decision to reverse the District Court and remand. However, I disagree with the standards the Court has provided for determination of the Firm’s quantum meruit recovery upon remand.
*109 ¶24 I agree with the Court’s statements in ¶ 16 that the District Court’s approach resulted in a “substantial injustice to the Firm by failing to recognize the Firm’s importance in attracting clients” (emphasis added) and that the quantum meruit theory of recovery must account for “the significant role the original firm’s status played in attracting the client initially” (Emphasis added.) For these reasons the Court reverses the District Court’s use of a strict hourly rate to compensate the Firm, and I agree with that holding. However, the Court nonetheless limits the Firm’s quantum meruit recovery to “a fee based upon the percentage of total time that the original firm spent on the case.” See ¶ 18.
¶25 As we have previously recognized, contingency agreements are unique, requiring unique consideration, see Bell & Marra, PLLC v. Sullivan, 2000 MT 206, ¶ 33, 300 Mont. 530, ¶ 33, 6 P.3d 965, ¶ 33, and thus, I agree with the Court that the contingency fee agreement here requires an assessment of the original firm’s contributions to the case beyond a simple application of an hourly rate. However, I would not limit the original firm’s fee in this matter to a percentage of the total time spent on the case. Such a bright line approach may be appropriate when a client 'unilaterally discharges the original firm and retains another. In those cases, the value in “attracting the client initially,” which is the original firm’s goodwill with the client, has essentially been lost because the client, dissatisfied with the original firm’s services, has withdrawn the business and taken it to another firm. However, the situation is very different when lawyers within one firm disassociate, and a departing lawyer takes the case with her. In that instance, the original firm has not lost goodwill because of client dissatisfaction; rather, the goodwill of the client, and the value which accrues as a result thereof, has been possessed by the departing lawyer. Fairly compensating both the original firm and the departing lawyer thus becomes a more complex issue.
¶26 Of course, quantum meruit means “as much as he deserves,” and requires that the reasonable value of services be compensated. As discussed above and correctly noted by the Court, an initial consideration of value in this case is obtaining the case in the first place. The Firm asserts that the Firm’s rating and experience were reasons that Mr. Allen, Virginia counsel for the Pumphreys, chose to retain the Firm. Further, the Firm asserts that the case was strategically directed by consultations with Mr. Edwards, and that the Firm brought to the case various experts with whom it had developed working relationships “over many years and in many cases.”
*110 ¶27 Factors such as these give value but are not measured by a simple calculation of the time spent on the case. They should also be considered in determining the original firm’s quantum meruit recovery. Further guidance can be found in the factors we have previously noted in determining attorney fees. See Swenson v. Janke, 274 Mont. 354, 361, 908 P.2d 678, 682-83 (1995). Thus, I dissent from the Court’s narrow application of the quantum meruit theory in this case.
JUSTICE WARNER and JUSTICE NELSON join the concurring and dissenting opinion of JUSTICE RICE.