No. 03-071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 122

IN RE THE MARRIAGE OF
MARLENE A. COOGLER,

        Petitioner and Respondent,

   and

JAMES P. COOGLER,

        Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park, Cause No. DR 2004-04
The Honorable, Wm. Nels Swandal, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Jennifer Wendt Bordy, Angel Law Firm, Bozeman, Montana; Kevin Brown, Paoli and Brown, Livingston, Montana

      For Respondent:

          Julie A. Lichte, Swandal Douglass & Gilbert, Livingston, Montana


Submitted on Briefs:  June 12, 2003

Decided:  May 6, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     James P. Coogler (James) appeals the judgment of the Sixth Judicial District Court,

Park County, entering a Permanent Order of Protection and an Amended Permanent Order of Protection against him.

¶2      We reverse.

¶3      We address the following issue on appeal:  Did the District Court err in entering a Permanent Order of Protection against James and then amending that Order of Protection without giving notice to James or conducting a hearing?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On January 7, 2002, Marlene Coogler (Marlene) sought a dissolution of her marriage to James.  James acknowledged service of Marlene's Petition for Dissolution on January 11, 2002.

¶5      On September 5, 2002, both James and Marlene participated in mediation, wherein they reached an agreement regarding the division of their marital property.

¶6      On several occasions, Marlene witnessed James inhaling some type of chemical substance and acting "spacey" and "lethargic" thereafter.  Marlene became fearful for her life as James continued to abuse chemical inhalants.  Hence, on September 23, 2002, Marlene requested a Temporary Order of Protection.

¶7      The District Court entered the Temporary Order of Protection and scheduled a show cause hearing for September 30, 2002.  James was served with the Temporary Order of Protection on September 24, 2002.

¶8      James violated the terms of the Temporary Order of Protection and was subsequently arrested.  He was incarcerated at the time of the show cause hearing.

2

¶9     The District Court ultimately entered a Permanent Order of Protection on September 30, 2002, noting that James was not present. This Order was amended on October 1, 2002, putting an additional restraint on James not to possess firearms.

¶10    The District Court stated in its Permanent Order of Protection and its Amended Permanent Order of Protection that the cause between Marlene and James was "coming to be heard on hearing to show cause," on September 30, 2002, and October 1, 2002, respectively. However, the court reporter for the District Court stated in his affidavit that no hearings were held on September 23, 2002, September 30, 2002, and October 1, 2002. Hence, no transcripts of the hearings exist.

¶11    Counsel for Marlene stated that she advised James's counsel of the show cause hearing, at which time James's counsel stated that he would not be in attendance.

¶12    James moved the District Court to dismiss the Amended Permanent Order of Protection, which the District Court denied.

¶13    James now appeals the District Court's issuance of each of the orders of protection.

**STANDARD OF REVIEW**

¶14 We review a district court's grant or denial of injunctive relief to determine whether there has been a manifest abuse of discretion. *Shammel v. Canyon Res. Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, ¶ 12, 82 P.3d 912, ¶ 12. A "manifest" abuse of discretion is one that is obvious, evident, or unmistakable. *Shammel*, ¶ 12.

**DISCUSSION**

¶15 **Did the District Court err in entering a Permanent Order of Protection against James and then amending that Order of Protection without giving notice to James or conducting a hearing?**

¶16 James argues that under the laws pertinent to the issuance of protective orders, a district court must comply with specific procedural requirements. Specifically, he argues that the District Court failed to conduct the requisite hearing in order to determine whether good cause existed to grant the Permanent Order of Protection against him. The District Court also erred, he argues, in amending its Order of Protection, as: (1) no request for such an amendment existed; (2) he did not receive notice before the amendment was issued; and (3) he did not have an opportunity to be heard on the issue.

¶17 Marlene argues that James had notice of the show cause hearing and chose not to appear in person or by counsel. And, thus, he cannot now argue that the requisite procedural requirements were not followed. In addition, Marlene contends that the Permanent Order of Protection and the Amended Permanent Order of Protection were proper, given that the District Court had before it: (1) evidence of James's chemical abuse problem; (2) Marlene's affidavit outlining her fears of James; and (3) evidence of James's repeated violations of the Temporary Order of Protection.

4

¶18 Section 40-15-201(1), MCA, states that "[a] petitioner may seek a temporary order of protection. . . . " The petitioner must state in a petition that the petitioner "is in reasonable apprehension of bodily injury or is a victim of one of the offenses listed in 40-15-102 [such as stalking as alleged by Marlene here] . . . and is in danger of harm if the court does not issue a temporary order of protection immediately." And, "[u]pon a review of the petition and a finding that the petitioner is in danger of harm," under § 40-15-201(2), MCA, a "court shall issue a temporary order of protection that grants the petitioner [the] appropriate relief."

¶19 Further, § 40-15-202(1), MCA, states that "[a] hearing *must* be conducted within 20 days from the date that the court issues a temporary order of protection," wherein "the court shall determine whether good cause exists for the temporary order of protection to be continued, amended, or made permanent." (Emphasis added.)

¶20 Here, although Marlene contends that a show cause hearing was held, the court reporter for the Sixth Judicial District Court contends otherwise. Specifically, in his affidavit, the court reporter stated:

> That Jennifer Bordy, Attorney for James P. Coogler, filed a Notice of Appeal herein and thereafter requested a transcript of proceedings to be prepared by affiant [court reporter] for the dates of September 23, September 30 and October 1, 2002.
>
> That affiant has reviewed the court file and searched through the stenographic notes and affirms that no court hearings were conducted on those dates for the above-captioned cause; therefore there is no transcript to prepare.

¶21 In addition to the above-quoted statement, the District Court's Permanent Order of Protection stated that:

> On 30th day of September, 2002, this Cause [In re the Marriage of Marlene A. Coogler v. James P. Coogler] coming to be heard on *hearing* to show cause,

5

Respondent failed to appear, and the Court advised of criminal charges filed on September 30, 2002, against Respondent [James] for felony stalking in Cause No. 23110:

The Court finds that Petitioner [Marlene] is in danger of harm. [Emphasis added.]

¶22 The District Court's Amended Permanent Order of Protection mirrored the above-quoted language, putting one additional restraint on James, namely that he was prohibited "from having in his possession any weapons, including but not limited to, firearms and knives."

¶23 Marlene's counsel, in her affidavit, stated the following:

7. I telephoned counsel for Respondent [James], attorney Kevin Brown, on September 30, 2002, and advised him of Respondent's incarceration in the Park County jail.

8. Attorney Kevin Brown informed me that he would NOT appear at the Show Cause Hearing scheduled for September 30, 2002, in this Court.

9. At 3:00 p.m. on September 30, 2002, I appeared with Petitioner, MARLENE A. COOGLER, and advised Judge Swandal that attorney Kevin Brown would not be appearing for the Show Cause Hearing.

10. Judge Swandal decided to delay the start of the hearing for approximately 15-20 minutes in order to give attorney Brown an opportunity to appear if he so desired.

11. Attorney Kevin Brown did not appear at the Show Cause Hearing.

¶24 Although the District Court stated in both the Permanent Order of Protection and the Amended Permanent Order of Protection that before the District Court was a hearing to show cause, the record does not substantiate that a hearing actually occurred. We note that, according to the court reporter's records, no "hearings" were conducted on September 23, 2002, September 30, 2002, or October 1, 2002. Hence, no transcripts exist from Marlene's

6

supposed show cause hearings. Under § 40-15-202(1), MCA, a court must hold a show cause hearing before rendering its decision to deem permanent a temporary order of protection. A review of the record indicates that such a hearing did not occur. Hence, the Permanent Order of Protection and the Amended Permanent Order of Protection issued by the District Court was a manifest abuse of the District Court's discretion.

¶25 The dissent contends that James, in his reply brief, raised for the first time the argument that "no hearing had actually been held on September 30, 2002." However, contrary to this contention, James moved the District Court to dismiss the Amended Permanent Order of Protection "pursuant to §§ **40-15**-102 and **-202**, MCA," in his motion to Dismiss Amended Permanent Order of Protection, and Supporting Brief. [Emphasis added.] Thus, James clearly raised his "no hearing had actually been held" argument--an argument upon which he expounded in his Reply Brief in Support of Motion to Dismiss Amended Permanent Order of Protection.

¶26 Based on the foregoing, we reverse the District Court's order granting both the Permanent Order of Protection and the Amended Permanent Order of Protection. We order that the District Court vacate both the Permanent Order of Protection and the Amended Permanent Order of Protection.

¶27 Reversed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART

7

/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE

Justice John Warner dissenting.

¶28    I dissent.

¶29    The Court is correct that § 40-15-202(1), MCA, requires a hearing before a permanent order of protection may be issued. However, contrary to the Court's determination, the record is conflicting concerning whether such hearing was in fact held. The court reporter's records show no hearing. Also, no minute entry appears in the District Court record. However, the Permanent Order of Protection clearly states that a hearing was held on September 30, 2002. The Amended Permanent Order of Protection which gave rise to this appeal affirmatively states that a hearing was held October 1, 2002.

¶30    On October 28, 2002, Mr. Coogler's counsel filed in the District Court a motion and supporting brief to dismiss the Amended Permanent Order of Protection that is in question here. In this motion counsel cited § 40-15-202, MCA, and argued that said order should be dismissed because Mr. Coogler was not able to attend the hearing that was held on September 30. Counsel did not argue that the hearing was never held. Counsel also argued that the affidavit in support of the motion was insufficient. Mr. Coogler did not argue to the District Court either that the order in question should be dismissed because there was no hearing as required by statute, or that the District Court could not legally amend the order the next day.

¶31    On November 4, 2002, Ms. Coogler, through counsel, filed an affidavit and a brief resisting Mr. Coogler's motion. Her counsel met the arguments presented.

9

¶32 Two weeks later, by Order dated November 17, 2002, and filed November 18, 2002, at 9:45 a.m. the District Court, having no idea that Appellant would later contend either that there had been no hearing held as required by § 40-15-202(1), MCA, or that it did not have the authority to amend its order, denied the motion to dismiss the Amended Permanent Order of Protection. In doing so the District Court stated that Mr. Coogler could renew the motion when a stalking charge involving Ms. Coogler was resolved. Then, in a reply brief belatedly filed later that same day at 1:35 p.m., Mr. Coogler's counsel for the first time alleged that no hearing had actually been held on September 30, 2002. Still, there was no contention that the District Court did not have authority to enter the Amended Permanent Order of Protection on October 1.

¶33 Rather than bring these new contentions to the attention of the District Court, counsel for Mr. Coogler filed a notice of appeal on December 16, 2002. In his opening brief on appeal Mr. Coogler renews the contention which the District Court had no opportunity to consider, i.e., that there was no hearing on September 30, 2002. Also, for the first time in his opening brief, Mr. Coogler argues the District Court did not have authority to enter the Amended Permanent Order of Protection. In response, counsel for Ms. Coogler simply states that there was too a hearing.

¶34 What the Court has now done is reverse the District Court because of a confused record that it had no opportunity to correct. The general rule is that we will not address an issue raised for the first time on appeal because it is unfair to fault the trial court on an issue it was never given the opportunity to consider. *In re Marriage of Killpack*, 2004 MT 55, ¶

10

10, 320 Mont. 186, ¶ 10, 87 P.3d 393, ¶ 10; *Renner v. Nemitz*, 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15. In this case the general rule is especially applicable as the District Court, had it been asked, could have made clear whether a hearing did in fact occur on September 30, 2002.

¶35 Under the circumstances, it is a mystery to me why counsel wasted our time and their clients' money on this appeal rather than file a simple motion under Rule 59(g), M.R.Civ.P., or why they did not even ask the District Court to prepare a statement of the record pursuant to Rule 9(d), M.R.App.P. However, they did not. I am forced to dissent from the Court's decision to reverse the District Court's Amended Order of Protection based on arguments never presented to it.

/S/ JOHN WARNER

I join in the foregoing dissent of Justice Warner.

/S/ KARLA M. GRAY

11