FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0017

DA 15-0017

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 301

SCOTT BARDSLEY and DORA CICHANTEK,

      Plaintiffs and Appellants,

    v.

LIZANN PLUGER and EARNEST ANDERSON,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                    In and For the County of Lincoln, Cause No. DV-12-306
                    Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Scott G. Hilderman, Law Offices of Scott G. Hilderman, P.C.; Kalispell,
            Montana

            Gregory G. Schultz, Law Offices of Gregory Schultz, P.C.; Missoula,
            Montana

      For Appellee:

            L. Jason Bryan and Samantha P. Travis, Bryan & Travis, PLLP; Kalispell,
            Montana

Submitted on Briefs:  September 16, 2015
                Decided:  October 20, 2015

Filed:

                                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Scott Bardsley and Dora Cichantek (collectively, the Plaintiffs) appeal from two separate orders issued by the Nineteenth Judicial District Court, Lincoln County. In the first, dated February 6, 2013, the District Court sua sponte amended an earlier August 21, 2012 order of protection. In the second, the District Court denied the Plaintiffs' motion to amend their complaint, granted summary judgment to Lizann Pluger and Earnest Anderson (collectively, the Defendants), and awarded attorney's fees to the Defendants. We vacate the District Court's February 6, 2013 amended order of protection. We affirm the District Court's denial of the motion to amend, grant of summary judgment, and award of attorney's fee.

¶2 We address the following issues on appeal:

*1. Whether the District Court abused its discretion by issuing the amended order of protection?*

*2. Whether the District Court abused its discretion by denying the Plaintiffs' motion to amend their complaint?*

*3. Whether the District Court erred by granting the Defendants' motion for summary judgment?*

*4. Whether the District Court abused its discretion by awarding the Defendants attorney's fees?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Scott Bardsley (Scott) owns a parcel of residential property (Bardsley property) located in Troy, Montana and resides there with his domestic partner, Dora Cichantek (Dora). Earnest Anderson (Earnest) and Lizann Pluger (Lizann), husband and wife,

2

reside on the adjacent property (Pluger property). The Pluger property is owned by Lizann's uncle, Edwin Pluger (Edwin). Prior to 2011, Scott frequently used Pluger Way, a private road that traverses the Pluger property, to access his property without objection. However, beginning in 2011, relations between Scott and Lizann became increasingly hostile, leading Lizann to seek an order of protection against Scott.

¶4 On August 21, 2012, the District Court granted Lizann's petition for a permanent order of protection against Scott. The order restrained Scott from committing acts of abuse or threats against Lizann, required that he stay at least 1500 feet from Lizann, and prohibited him from using Pluger Way to reach his residence. Scott did not respond to Lizann's petition and the court's August 21 order is not the subject of this appeal. Shortly after the court issued its order, Lizann installed a locked gate across the entrance of Pluger Way.

¶5 On December 13, 2012, Scott and Dora filed a complaint against Earnest and Lizann alleging that the Bardsley property enjoyed an express easement over the Pluger property with regard to Pluger Way. The Plaintiffs sought money damages for interference with the alleged easement as well as a preliminary injunction to prevent the Defendants from obstructing Pluger Way. In support of their claim, the Plaintiffs attached several documents to their complaint, including the deed to the Pluger property, which identified Edwin as the sole owner of the property. The Plaintiffs did not name Edwin in their complaint, however. In response to the complaint, the Defendants argued that they were merely the occupiers of the Pluger property, not the owners, and the

3

Plaintiffs needed to name Edwin, the real party in interest, to obtain the relief they sought. The Defendants argued further that the public record was clear that the Bardsley property did not enjoy an express easement over the Pluger property.

¶6 On February 5, 2013, the District Court held a hearing on the Plaintiffs' request for a preliminary injunction. While neither Dora nor Lizann attended the hearing, Scott and Earnest both testified. Scott conceded that he had mistakenly pled an express easement over the Pluger property, but contended that his property enjoyed an easement by prescription or necessity. On February 6, 2013, the District Court issued its order denying the Plaintiffs' request for a preliminary injunction. In the same order, the District Court sua sponte amended its earlier August 21 order of protection. The court's amended order of protection expanded the earlier order in that it prohibits Dora as well as her family members from using Pluger Way.

¶7 On June 20, 2013, the Defendants moved for summary judgment on the basis that the Plaintiffs failed to name the actual owner of the Pluger property in their complaint. The Defendants also sought an award of attorney's fees. The Plaintiffs never filed a response to the Defendants' motion for summary judgment. Instead, on May 28, 2014, nearly a year and half after filing their complaint, the Plaintiffs filed a motion requesting leave to amend their complaint. The Plaintiffs' proposed amended complaint advanced new legal theories of easement, including prescription and necessity, and named the title holder of the Pluger property, Edwin, as a defendant. The Defendants objected to the Plaintiffs' motion. On October 14, 2014, the District Court issued its order, denying the

Plaintiffs' motion to amend, granting summary judgment to the Defendants, and awarding the Defendants attorney's fees. The court concluded that, while motions to amend should generally be freely granted, legal grounds existed to deny the Plaintiffs' request.

¶8    This appeal followed.

## STANDARD OF REVIEW

¶9    We will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915.

¶10    We generally review a district court's denial of a motion to amend pleadings to determine whether the district court abused its discretion. *Kershaw v. Mont. Dept. of Transp.*, 2011 MT 170, ¶ 11, 361 Mont. 215, 257 P.3d 358. "A district court abuses its discretion when 'it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice.'" *Kershaw*, ¶ 11 (quoting *Bitterroot River Protective Ass'n v. Bitterroot Conservation Dist.*, 2011 MT 51, ¶ 11, 359 Mont. 393, 251 P.3d 131).

¶11    We review a district court's grant of summary judgment de novo, applying the criteria outlined in M. R. Civ. P. 56. *Kershaw*, ¶ 9. "Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Kershaw*, ¶ 9 (quoting *Town & Country Foods, Inc. v. City of Bozeman*, 2009 MT 72, ¶ 12, 349 Mont. 453, 203 P.3d 1283).

¶12   A district court's award of attorney's fees is a discretionary ruling which we review to determine whether the court abused its discretion. *In re Estate of McDermott*, 2002 MT 164, ¶ 31, 310 Mont. 435, 51 P.3d 486.

**DISCUSSION**

¶13   *1. Whether the District Court abused its discretion by issuing the amended order of protection?*

¶14   The Plaintiffs argue that the District Court improperly issued the amended order of protection to include Dora. They contend that the court issued the permanent order without offering Dora an opportunity to be heard, and the court's failure in this regard amounts to a violation of due process of law.

¶15   We have held that an essential element of due process is the "opportunity to be heard." *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 15, 310 Mont. 519, 52 P.3d 395. Although the Plaintiffs characterize their argument on appeal in terms of the opportunity to be heard generally without reference to any particular statute, the Legislature has statutorily ensured that a respondent in a civil order of protection action is afforded an opportunity to be heard. Specifically, § 40-15-202(1), MCA, requires a court to conduct a show cause hearing before issuing a permanent order of protection wherein the respondent is permitted to testify and introduce evidence. *See Keller v. Trull*, 2007 MT 108, ¶ 12, 337 Mont. 188, 158 P.3d 439. It is a manifest abuse of discretion for a court to issue a permanent order of protection without first conducting the statutorily mandated hearing. *In re Marriage of Coogler*, 2004 MT 122, ¶ 24, 321 Mont. 243, 90 P.3d 414.

6

¶16 In the present case, the District Court did not conduct a hearing pursuant to § 40-15-202(1), MCA, before expanding the order of protection to include Dora. While the Defendants seem to suggest that the February 5, 2013 preliminary injunction hearing sufficiently afforded Dora an opportunity to be heard, the scope of the preliminary injunction hearing was strictly limited to determining whether the Plaintiffs could satisfy the legal standard for an injunction. The court did not receive or review evidence concerning Dora's conduct toward the Defendants. Nor did the court provide any notice to Dora that she would have to attend the hearing so as to mount a legal defense against an order of protection. The District Court failed to provide Dora with an opportunity to be heard.

¶17 We conclude the District Court abused its discretion in issuing the February 6, 2013 amended order of protection. We accordingly vacate the court's amended order of protection.[1]

¶18 *2. Whether the District Court abused its discretion by denying the Plaintiffs' motion to amend their complaint?*

¶19 The Plaintiffs argue that the District Court should have granted their motion for leave to amend their complaint and the court abused its discretion by refusing to do so. They reason that, although they sought to amend their complaint after the Defendants moved for summary judgment, the Defendants "were not prejudiced, even remotely, by the timing" of their motion to amend.

---

[1] Our decision has no bearing on the earlier August 21, 2012 order of protection. That order was never appealed and remains in effect.

¶20 M. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires." However, "this does not mean that a court must automatically grant a motion to amend." *Kershaw v. Mont. Dept. of Transp.*, 2011 MT 170, ¶ 25, 361 Mont. 215, 257 P.3d 358. Rather, the decision to deny a motion to amend is within the district court's discretion. *Kershaw*, ¶ 25. A district court is justified in denying a motion to amend if granting the motion would cause "undue prejudice to the opposing party." *Lindey's v. Professional Consultants*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990). In determining whether an amendment would cause undue prejudice, a court must balance the prejudice suffered by the opposing party "against the sufficiency of the moving party's justification of the delay." *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 14, 339 Mont. 445, 171 P.3d 690. We have previously concluded that "litigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases." *Thornton v. Flathead Cty.*, 2009 MT 367, ¶ 40, 353 Mont. 252, 220 P.3d 395 (quoting *Peuse v. Malkuch*, 275 Mont. 221, 228, 911 P.2d 1153, 1157 (1996)) (quotation marks and brackets omitted).

¶21 We recognized in *Peuse* that a party's prolonged delay in adopting a new legal theory is prejudicial to the opposing party, particularly when a party waits until after the opposing party files a motion for summary judgment. *Peuse*, 275 Mont. at 228, 911 P.2d at 1157. In *Peuse*, the defendants sought leave to amend their answer almost two years after the original pleadings were filed and only after the plaintiff submitted a motion for summary judgment. *Peuse*, 275 Mont. at 226, 911 P.2d at 1156. In affirming the district

8

court's denial of the defendants' motion, we noted the lengthy delay and explained that if the district court were to have granted the defendants' motion, the plaintiff would have been "prejudiced since his [summary judgment] motion was based on the original pleadings which remained unchanged for almost two years." *Peuse*, 275 Mont. at 227, 911 P.2d at 1157. We concluded that "[l]itigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases." *Peuse*, 275 Mont. at 228, 911 P.2d at 1157.

¶22 There are no extraordinary circumstances in this case that would warrant permitting the Plaintiffs to change legal theories. The Plaintiffs have not offered any reasonable justification for the delay. They have not sufficiently explained why they failed to name Edwin in their original complaint, why they failed to initially plead an easement by prescription or necessity, or why they failed for nearly a year and half to seek to amend their complaint and cure these deficiencies. Nor does the record offer any explanation. The deed to the Pluger property, which the Plaintiffs attached to their complaint, identified Edwin as the owner of the Pluger property, and the Plaintiffs acknowledged at the February 5, 2013 preliminary injunction hearing that they had mistakenly pled an express easement. The Plaintiffs were aware well in advance of the Defendants' motion for summary judgment on June 20, 2013, of their complaint's inadequacies. Yet, they repeatedly delayed requesting leave to amend, waiting almost a full year after the Defendants moved for summary judgment, before finally doing so on May 28, 2014. The Defendants' showing of prejudice combined with the Plaintiffs'

9

failure to reasonably justify the delay provided an adequate basis for the District Court to reach its conclusion. We conclude that the District Court did not abuse its discretion by denying the Plaintiffs' motion to amend their complaint.

¶23  *3. Whether the District Court erred by granting the Defendants' motion for summary judgment?*

¶24  In light of our decision that the District Court properly denied the Plaintiffs' motion to amend, this dispute no longer contains a genuine issue of material fact. The Plaintiffs concede that without amending their complaint they cannot "prevent summary judgment since, indisputably, [they] had mistakenly pled an express easement which did not exist" and [w]ithout the basis for a properly-pled easement claim, [they] could not maintain [a] request for injunctive relief." The District Court correctly determined that the Defendants were entitled to summary judgment as a matter of law.

¶25  *4. Whether the District Court abused its discretion by awarding the Defendants attorney's fees?*

¶26  The longstanding rule in Montana, often referred to as the American Rule, is that "absent statutory or contractual authority, attorney's fees will not be awarded to the prevailing party in a lawsuit." *Erker v. Kester*, 1999 MT 231, ¶ 43, 296 Mont. 123, 988 P.2d 1221. However, we recognize an equitable exception to the general rule under which "a district court may award attorney's fees to make an injured party whole under its equity powers." *Erker*, ¶ 44. The equitable exception is "applicable where the action into which the prevailing party has been drawn is without merit or frivolous." *Motta v.*

10

*Granite Cty. Comm'rs*, 2013 MT 172, ¶ 29, 370 Mont. 469, 304 P.3d 72.  A district court may grant an award of this type on a case-by-case basis.  *Motta*, ¶ 29.

¶27    The Plaintiffs challenge the District Court's award of attorney's fee based on the merits of their proposed amended complaint.  They reason that the "proposed amended complaint cured all procedural and pleading defects but the District Court apparently closed its eyes to the content of the proposed pleading."

¶28    However, the Plaintiffs fail to defend the legal theories advanced in their original complaint.  They make no attempt to defend the merits of the original complaint or otherwise offer a reasonable explanation for why they litigated under meritless legal theories for almost a year and a half.  They concede, as mentioned above, that their original complaint cannot survive summary judgment, acknowledging the Defendants do not own the Pluger property, the Bardsley property does not enjoy an express easement over of the Pluger property, and they mistakenly pled otherwise in their original complaint.  We have explained "[i]t is not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal."  *Cutler v. Jim Gilman Excavating, Inc.*, 2003 MT 314, ¶ 22, 318 Mont. 255, 80 P.3d 1203 (citation and internal quotations omitted).  We conclude that the District Court did not abuse its discretion by awarding the Defendants attorney's fees.

## CONCLUSION

¶29     We vacate the District Court's February 6, 2013 amended order of protection. We affirm the District Court in all other respects.

¶30     Affirmed in part and vacated in part.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE