DA 15-0332

FILED

08/22/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0332

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 206N

HSBC BANK USA, NATIONAL ASSOCIATION,
as trustee for WELLS FARGO ASSET SECURITIES
CORPORATION, MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-7, ITS SUCCESSORS
IN INTEREST AND/OR ASSIGNS,

        Plaintiff and Appellee,

    v.

NICK NICKERSON, DONNA NICKERSON, and all
other persons unknown claiming or who might claim any
right, title, estate, or interest in or lien or encumbrance
upon the real and personal property described in the
complaint for foreclosure adverse to Plaintiff's ownership
or any cloud upon Plaintiff's title thereto, whether such
claim or possible claim be present or contingent,

        Defendants and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis And Clark, Cause No. ADV-2013-253
                Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Nick Nickerson (Self-Represented), Donna Nickerson (Self-Represented),
                Wolf Creek, Montana

        For Appellee:

                Kenneth K. Lay, Crowley Fleck PLLP, Helena, Montana

                      Submitted on Briefs:  June 28, 2017
                                  Decided:  August 22, 2017

Filed:

                            _____
                                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1  Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2  Nick Nickerson and Donna Nickerson (Nickersons) appeal from the District Court's denial of their motion to amend the January 22, 2015 District Court order granting HSBC's cross motion for summary judgment, and their "deemed denied" motion to alter or amend the judgment.  We affirm.

¶3  On March 30, 2007, the Nickersons obtained a Note and Mortgage from Wells Fargo Bank (Wells Fargo).  Wells Fargo assigned the Note and Mortgage to HSBC dated April 10, 2010.  Wells Fargo remained the servicer for Nickersons' loan.

¶4  The Nickersons have not made a mortgage payment since March 1, 2012, and claim that Wells Fargo has rejected their attempts to do so.  Wells Fargo sent the Nickersons notice that their mortgage would be accelerated unless payment was received immediately.  HSBC initiated this action for foreclosure on April 1, 2013.  The Nickersons answered on May 1, 2013.

¶5  On January 17, 2014, the Nickersons filed a motion for summary judgment, with a brief in support and the affidavit of Nick Nickerson.  HSBC responded and filed a cross-motion for summary judgment.  The Nickersons filed a reply brief.  In March 2014,

the Nickersons filed a motion to amend answer, counterclaim and demand for jury trial, which the District Court denied on September 25, 2014.

¶6 On December 8, 2014, the District Court heard oral argument on the parties' cross-motions for summary judgment, and on January 22, 2015, granted HSBC's motion. On February 19, 2015, the Nickersons filed a combined motion for new trial and motion to alter or amend, with a supporting brief. The District Court did not rule on the motion.

¶7 On May 26, 2015, the Nickersons filed this appeal. On February 1, 2016, HSBC filed a motion in the District Court for entry of final judgment on the foreclosure action. On February 17, 2016, Nickerson filed a motion with the District Court for a stay pending appeal under M. R. App. P. 22(1)(a). On February 19, 2016, the District Court granted HSBC's motion, entered judgment, and allowed foreclosure.

¶8 On May 3, 2016, pursuant to Nickersons' request for an emergency stay, this Court issued an order remanding the case to District Court and held the District Court's judgment in abeyance. The order gave Nickersons 120 days to present additional sworn and verified evidence to the District Court regarding their claim that they made a timely tender of full mortgage payment plus fees to Wells Fargo, which Wells Fargo wrongly rejected. This Court granted Nickersons' first request for additional time for discovery and denied their second request, deferring to the District Court on any further extensions. The Nickersons worked to obtain additional evidence and the District Court granted a subpoena duces tecum for production of specific documents.

¶9 On February 2, 2017, the District Court entered an order denying further extensions of time, granted HSBC's motion to quash the Nickersons' subpoena, and

3

reaffirmed its January 22, 2015 order on the parties' cross-motions for summary judgment.

¶10     HSBC took action to schedule a foreclosure sale, which forced the Nickersons to file an emergency motion to enforce this Court's remand order.  On April 25, 2017, this Court rescinded the District Court's writ of execution and cancelled the Sheriff's sale because our order of abeyance was still in place and the appeal was still pending.

¶11     We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court.  *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.  We review a district court's decision regarding a motion to amend a complaint for abuse of discretion.  *Hickey v. Baker Sch. Dist. No. 12*, 2002 MT 322, ¶ 12, 313 Mont. 162, 60 P.3d 966.

¶12     The Nickersons assert several issues on appeal.  First, they argue that the District Court erred when it denied the motion for leave to amend the complaint.  M. R. Civ. P. 15(a) provides that: "A party may amend the party's pleading once as a matter of course . . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  However, a district court is not required to grant automatically a motion to amend.  *Kershaw v. Mont. DOT.*, 2011 MT 170, ¶ 25, 361 Mont. 215, 257 P.3d 358.  That decision is within the district court's discretion.  *Kershaw*, ¶ 25.  A district court is justified in denying a motion to amend if granting the motion would cause "undue prejudice to the opposing party."  *Bardsley v. Pluger*, 2015 MT 301, ¶ 20, 381 Mont. 284, 358 P.3d 907.  In determining whether an amendment would cause undue

4

prejudice, a court must balance the prejudice suffered by the opposing party "against the sufficiency of the moving party's justification of the delay." *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 14, 339 Mont. 445, 171 P.3d 690.

¶13 The Nickersons filed their motion to amend after the cross-motions for summary judgment were fully briefed. The Nickersons contend they did not have sufficient time to assert affirmative defenses or conduct discovery. The Nickersons responded to HSBC's initial complaint on May 1, 2013, and filed their motion for summary judgment on January 22, 2014. The Nickersons had sufficient time to conduct discovery after their answer to HSBC's complaint. HSBC responded and cross-motioned for summary judgment on February 13, 2014; the Nickersons filed their motion to amend on March 31, 2014. The Nickersons had sufficient time to amend their motion after they submitted it in January 2014. HSBC predicated its motion for summary judgment on the Nickersons' motion for summary judgment. The District Court concluded that allowing the Nickersons leave to amend their pleading after the pleadings were complete would have unduly prejudiced HSBC.

¶14 Generally, due to possibility of undue prejudice, once the opposing party has filed a response to the motion for summary judgment the District Court will not grant a motion to amend absent extraordinary circumstances such as newly discovered evidence. *Peuse v. Malkuch*, 275 Mont. 221, 911 P.2d 1153, 1157 (1996); *Bardsley*, ¶ 21. After review of the record we conclude that the District Court did not abuse its discretion when it denied the Nickersons' request to amend their answer, counterclaim, and demand for jury trial.

¶15 Next, the Nickersons argue that the District Court erred when it granted summary judgment in favor of HSBC. Under Rule 56(c), judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.

¶16 In requesting summary judgment, HSBC had the burden to establish the existence of the Nickersons' debt, non-payment, and present ownership of the debt by HSBC. *See First Nat'l Bank v. Quinta Land & Cattle Co.*, 238 Mont. 335, 339, 779 P.2d 48, 50 (1989). Once established, the burden shifted to the Nickersons to show at least one issue of material fact regarding those elements of foreclosure. *Roe*, ¶ 14. The Nickersons have failed to provide admissible evidence to meet that burden.

¶17 The Nickersons admitted to the existence of the debt, both in the summary judgment briefings and hearing. Their failure to pay is undisputed. The Nickersons admitted they had not paid the mortgage payment since 2012.

¶18 The Nickersons contend that there is an issue of material fact regarding their effort to make payment and that payment was wrongfully denied. However, even after this Court granted additional time to conduct additional discovery, the Nickersons have failed to produce evidence showing their payment was wrongfully refused. The Nickersons' only admissible proffered evidence is the affidavit of a former Wells Fargo employee. However, the affiant does not speak to the issue of Wells Fargo's alleged wrongful denial of Nickersons' payment. Mere allegations are not evidence sufficient to defeat summary

6

judgment. *Yarbro, Ltd. v. Missoula Fed. Credit Union*, 2002 MT 152, ¶ 10, 310 Mont. 346, 50 P.3d 158.

¶19 HSBC owns the interest in the mortgage sufficient to bring this foreclosure action. HSBC presented evidence that it currently holds the note and mortgage on the Nickersons' property. The Nickersons signed the note, which contained a clause allowing Wells Fargo to sell the loan, note, and mortgage. Evidence shows Wells Fargo assigned its interests and rights in the mortgage to HSBC, including the right to pursue a remedy in the event of default. That assignment was publicly recorded. While the Nickersons argue the assignment was void, the Nickersons are not a party to the assignment and thus do not have the requisite privity to challenge the assignment itself. *See State ex rel. Buttrey Foods Inc. v. Dist. Court*, 148 Mont. 350, 353, 420 P.2d 845, 847 (1966). HSBC has established it is the current holder of the mortgage. As a matter of law HSBC is entitled to summary judgment. The District Court's ruling was correct.

¶20 Finally, the Nickersons argue their M. R. Civ. P. 59(e) motion to alter or amend the judgment was appropriate and necessitated complete reversal of summary judgment. The District Court did not rule on the motion within 60 days and therefore it was deemed denied by operation of M. R. Civ. P. 59(f). Moreover, the Nickersons' brief fails to argue the merits of their motion. It is not this Court's job to conduct legal research on a party's behalf, to guess at his precise argument, or develop legal analysis. *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 16, 367 Mont. 103, 289 P.3d 174.

¶21 There was no error. The District Court did not abuse its discretion when it denied the Nickersons' two motions. Summary judgment was properly granted to HSBC.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶23 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA