FILED

02/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0173

DA 22-0173

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 22N

KELLI JONES, f/k/a KELLI PARKER,

      Petitioner and Appellee,

    v.

KEVIN PARKER and STACY SNAVELEY,

      Respondents and Appellants.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-2009-106
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

      Karl Knuchel, Karl Knuchel, P.C., Livingston, Montana

      For Appellee:

      Kevin S. Brown, Erin E. Harris, Paoli & Brown, P.C., Livingston, Montana

Submitted on Briefs:  November 30, 2022

Decided:  February 7, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kevin Parker and Stacy Snavely appeal from the January 31, 2022 Order of the Sixth Judicial District Court denying their Motion for Hearing to Convert Orders of Protection to Civil No Contact Orders, and awarding Kelli Jones her attorney fees and costs. We affirm the District Court's Order denying the motion and the award to Jones of her attorney fees and costs. We further order Parker and Snavely to reimburse Jones for the attorney fees and costs she has incurred in responding to this appeal.

¶3 In September of 2009, Jones and Parker divorced. On January 25, 2010, the District Court granted Jones a Temporary Order of Protection against Parker. Approximately three weeks later, the District Court held a hearing and extended the Temporary Order of Protection to six months. During the period of this protection order, Parker continued to verbally and physically harass Jones, going so far as to hire one of his employees to repeatedly destroy Jones and her partner's personal property. On March 4, 2011, Jones obtained another Temporary Order of Protection against Parker as well as his long-time partner, Snavely. Ten days later, the District Court held a hearing and found cause to issue Permanent Orders of Protection against Parker and Snavely.

¶4 On April 1, 2011, Parker was criminally charged with one misdemeanor count and one felony count of stalking. On November 18, 2011, pursuant to a plea agreement, Parker

pled no contest to the misdemeanor stalking charge and the felony stalking charge was dismissed. Parker was sentenced on February 21, 2012. On March 13, 2012, the District Court issued its written findings of fact and conclusions of law, and an accompanying judgment and order of sentence. In its findings of fact, the District Court noted that "while the [stalking] offense is a misdemeanor, it is a serious misdemeanor. The offense involves several instances and several means of purposely or knowingly causing substantial emotional distress through repeated harassment and intimidating conduct." The District Court imposed a one-year suspended sentence and ordered restitution in a total amount of $5,475.10.

¶5 Parker, and sometimes Snavely, repeatedly moved to modify the Permanent Orders of Protection. In December of 2011, less than one month after his stalking conviction, Parker filed his first motion to modify the Permanent Order of Protection. Parker withdrew the motion on February 28, 2012, but less than three months later, on May 16, 2012, Parker and Snavely filed another motion to modify the Permanent Orders of Protection. After a hearing, the District Court granted the motion to modify the orders, but only to the extent that the modifications would affect the shared parenting of Jones and Parker's son.

¶6 During this 2012 hearing, the District Court noted that Parker's behavior was not the "hallmark[] of a stable" individual and his repeated violations of the Permanent Order of Protection was "indicative of [Parker]'s continuing animosity toward [Jones]," and his "refusal to follow the Orders of [the] Court." The District Court warned Parker that "[a]ny further request to modify the Order of Protection is hereby denied" and it would "give due consideration to [Jones's] request that [Parker] pay her attorney's fees for future requests

to modify the Order of Protection." (Emphasis omitted.) On May 31, 2017, Parker and Snavely moved to modify the Permanent Orders of Protection for a third time. The District Court denied the motion without conducting a hearing.

¶7 On December 21, 2021, Parker and Snavely moved to modify the Permanent Orders of Protection for a fourth time. Parker and Snavely filed a motion entitled: "Motion for Hearing to Convert Orders of Protection to Civil No Contact Orders." Parker and Snavely's motion was utterly devoid of any substance. The motion cited no legal authority or any facts in support of granting the motion. The entirety of Parker and Snavely's motion was as follows:

> Come now Respondents, Kevin T. Parker and Stacy Snavely, by and through their attorney of record, Karl Knuchel, and hereby requests that the Court set a hearing on the matter of converting the order of protection to a civil no contact order.
>
> Kevin Brown, attorney for Petitioner has been contacted but has not stated his position on this motion.
>
> Wherefore, Respondents respectfully request that a hearing be held on the matter of converting the permanent orders of protection to civil no contact orders.

¶8 The District Court denied the motion, noting: "[Parker and Snavely] have provided no legal authority or factual support for their request. As such, the Court declines to set a hearing or otherwise entertain the request to amend or modify the Permanent Order of Protection."

¶9 We review for an abuse of discretion a district court's "decision to continue, amend, or make permanent an order of protection." *Bardsley v. Plugar*, 2015 MT 301, ¶ 9, 381 Mont. 284, 358 P.3d 907. "A district court's award of attorney's fees is a discretionary

ruling which we review to determine whether the court abused its discretion." *Bardsley*, ¶ 12. A district court abuses its discretion when it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *Bardsley*, ¶ 10.

¶10 Parker and Snavely contend the District Court abused its discretion by denying their motion to modify the Permanent Order of Protection without holding a hearing because this denied them an "opportunity to be heard" and violated their due process rights. Parker and Snavely's contention is meritless.

¶11 The District Court declined to set a hearing or otherwise entertain Parker and Snavely's request to amend or modify the Permanent Order of Protection because Parker and Snavely "provided no legal authority or factual support for their request." This alone would have warranted summary denial of the motion. See MUDCR 2(c). But the District Court did not just summarily deny the motion. In fact, the District Court's Order was far more substantive than the motion itself. In relevant part, the District Court noted:

> The level of harassment, stalking, and intimidation [Parker and Snavely] have engaged in is incredible.
>
> . . . .
>
> There is nothing in the file which would indicate [Parker and Snavely] have ever taken responsibility for their actions. . . . [Parker and Snavely] have caused [Jones] and her husband to live in constant terror for the past eleven (11) years.
>
> If [Parker and Snavely] had voluntarily done anything to deal with their irrational hatred for [Jones], the Court would entertain their request for a hearing. Mental health counseling and treatment, along with anger management classes would be a start. There is no indication that [they] have done any of this, although the Court assumes Respondent Kevin Parker would have completed any court-ordered counseling resulting from his

stalking conviction.  [Parker and Snavely] have not even advised this Court that they have taken the basic step of showing remorse for their conduct.

¶12     At its most fundamental, due process requires "notice and opportunity for hearing appropriate to the nature of the case."  *In re Adoption of K.L.J.K.*, 224 Mont. 418, 421, 730 P.2d 1135, 1137 (1986) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950)).  In civil protection order actions, the Legislature has statutorily ensured respondents have a threshold opportunity to be heard.  *See In re Adoption of K.L.J.K.*, 224 Mont. at 421, 730 P.2d at 1137.  Specifically, § 40-15-202(1), MCA, states that "[a] hearing must be conducted within 20 days from the date that the court issues a temporary order of protection. . . . At the hearing, the court shall determine whether good cause exists for the temporary order of protection to be continued, amended, or made permanent."  But there is no corresponding requirement that a district court must hold a hearing every time a respondent moves to modify an existing permanent order of protection, and Parker and Snavely cite to no authority for that premise.  Beyond the facially abject lack of merit to Parker and Snavely's motion, due process did not entitle them to a hearing in any event.

¶13     Parker and Snavely's arguments on appeal are no more substantive than their arguments to the District Court.  They completely fail to address the District Court's ultimate reasoning for denying their motion—that they "provided no legal authority or factual support for their request."  But even if we were to consider the ostensible "substance" of their brief, it is little more than bald assertions that they were entitled to a hearing and that the District Court denied them due process by denying them a hearing.

The brief contains no substantive legal analysis or argument.[1]  This Court does not "conduct legal research on appellant's behalf, [] guess as to his precise position, or [] develop legal analysis that may lend support to his position." *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206 (internal citations omitted).  The District Court did not abuse its discretion by denying Parker and Snavely's Motion for Hearing to Convert Orders of Civil Protection to Civil No Contact Orders.

¶14    Parker and Snavely contend the District Court abused its discretion when it awarded Jones her attorney fees and costs.  A district court may award attorney fees under its equitable powers in circumstances where "a party has been forced to defend against a wholly frivolous or malicious action." *Lewis and Clark County v. Hampton*, 2014 MT 207, ¶ 47, 376 Mont. 137, 333 P.3d 205 (internal citation and quotation omitted).  As the District Court correctly noted in denying their motion, they "provided no legal authority or factual support for their request."  Parker and Snavely's motion was, at a minimum, frivolous.  The District Court did not abuse its discretion in awarding Jones her attorney fees and costs.

¶15    Jones requests that this Court grant her attorney fees and costs incurred in connection with this appeal.  This Court may "award sanctions to the prevailing party in an appeal . . . determined to be frivolous, vexatious, filed for the purposes of harassment or delay, or taken without substantial or reasonable grounds."  M. R. App. P. 19(5).

---

[1] Regarding their due process argument on appeal, Parker and Snavely's legal analysis entails a citation to *In re Adoption of K.L.J.K.* for the general proposition that due process requires notice and opportunity for hearing appropriate to the nature of the case; a citation, without explanation, to § 40-15-204(7), MCA; and a general citation to all of Title 40, Chapter 15, Part 2 of the Montana Code Annotated.

Generally, the Court "will only impose sanctions where the appeal is entirely unfounded and intended to cause delay, or where counsel's actions otherwise constitute an abuse of the judicial system." *Little Big Warm Ranch, LLC v. Doll*, 2018 MT 300, ¶ 22, 393 Mont. 435, 431 P.3d 342 (internal citation and quotation omitted).

¶16 In addressing Jones's request for attorney fees and costs on appeal, we begin by noting that Parker and Snavely's argument that the District Court abused its discretion is based, in part, on a blatant misrepresentation to this Court. At page five of their opening brief, Parker and Snavely assert:

> [T]he District Court's Order constitutes an abuse of discretion because it is based on extraneous and false information that was not made part of the record and that is not supported by the record. In its Order, the Court referred to "stalking convictions" against Parker, yet *Parker has never been convicted of "stalking."* After being charged and investigated by the Park County Attorney, those charges were dismissed. This finding is clearly erroneous and thus constitutes a clear abuse of discretion. [(Emphasis added.)]

As detailed above at ¶ 4, Parker was, in fact, convicted of misdemeanor stalking on November 18, 2011, upon his plea of no contest to that charge. The felony stalking with which he was also charged was dismissed pursuant to a plea agreement, not "[a]fter being . . . investigated by the Park County Attorney," as Parker and Snavely represent.

¶17 That Parker and Snavely would make such a blatant misrepresentation to this Court is, to say the least, egregious. The attempt to capitalize on this misrepresentation as a basis for reversing the District Court's Order is "an abuse of the judicial system" that certainly warrants an award of attorney fees and costs on appeal. *See Little Big Warm Ranch*, ¶ 22. But beyond this egregious misrepresentation, as we noted above, Parker and Snavely's arguments on appeal are no more substantive than their meritless arguments to the District

Court.  Jones is entitled to all her attorney fees and costs incurred in connection with this appeal.  M. R. App. P. 19(5).

¶18     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court did not abuse its discretion when it denied Parker and Snavely's motion for a hearing to modify the Permanent Orders of Protection and awarded Jones attorney fees and costs.  We affirm and grant Jones all attorney fees and costs incurred in connection with this appeal.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE
/S/ INGRID GUSTAFSON

Justice Laurie McKinnon did not participate in the decision of this case.